BISHOP, J.
The defendant,. charged with obtaining money under false pretenses, was found guilty and judgment entered imposing a fine of one hundred dollars or, in default of its payment, ninety days in jail. Defendant promptly paid the fine, then perfected his appeal. Contending that by this satisfaction of the judgment the' questions presented by the appeal became moot, the People move its dismissal.
So far as we are aware, the precise question thus submitted to us has not been considered by any of the appellate courts of this state. The rule is well established in civil actions, however, that the satisfaction of a judgment, unless by way of compromise or with an agreement not to take or pursue an appeal, does not operate to terminate the right to an appeal. (Warner Brothers Co. v. Freud (1901), 131 Cal. 639 [82 Am. St. Rep. 400, 63 Pac. 1017]; Levin v. Saroff (1921), 54 Cal. App. 285 [201 Pac. 961]. See note, 29 L. R. A. (N. S.) 22.) Also in the recent case of In *Supp. 780 Matter of Lincoln (1929), 102 Cal. App. 733 [283 Pac. 965], it was held that the questions arising on an appeal from a judgment suspending an attorney from practice for the period of a year did not become so moot with the expiration of the year and the consequent termination of the suspension that the appeal should be dismissed. The Lincoln ease is persuasive beyond its force as a decision in a ease bearing close analogy to ours, for the cases upon which the court relied were all criminal cases. As they are reviewed and quoted from somewhat at length in the opinion filed in that case it is unnecessary for us to list them or produce excerpts from them here. They may also be found in a note in 18 A. L. E. 867, from which it appears that they represent the minority view. It appears that in a majority of the cases on the question it is held that the voluntary satisfying of a judgment by the payment of a fine destroys the right to appeal because it leaves the defendant with no legal wrong to be corrected nor legal right to be protected. The same conclusion is reached where the payment is voluntary only in the sense it is in our case, that is, chosen in preference to going to jail. In the minority view, on the other hand, the fact is recognized that a judgment in a criminal case is effective far beyond the dollars or days it may exact in its technical satisfaction. It was this view which the court preferred to take in the Lincoln case.
We are satisfied that a defendant convicted of a criminal offense and faced with a term in jail unless he pays a fine does not by paying the fine waive his right to appeal. There is no basis in fact for the contention that he waives his appeal, for the thing done bears no inconsistent relation to the thing to be done, so there is not factually an election. Nor is the one step a relinquishment of the right to pursue the other by virtue of any statute or written rule of court. Eather it is a practice adopted by the courts out of necessity, because: “The demands of actual, practical litigation are too pressing to permit the examination or discussion of academic questions, ’ ’ as was quoted in Foster v. Smith (1897), 115 Cal. 611 [47 Pac. 591], It is a practice which may be departed from if public interest requires. (Piper v. Hawley (1918), 179 Cal. 10 [175 Pac. 417].) If the defendant has a real though perhaps not a legal interest in the determination of the questions involved, even though *Supp. 781 the judgment itself has been satisfied, it seems to us that the press of other business is no justification for dismissing the appeal on hand. It is to substitute fantasy for fact to say the defendant’s real interest in the case ceases with the payment of the fine. Is a good name no longer to be chosen rather than riches? Is a question alive so long as the payment of one hundred dollars is involved, but moot when only the matter of a besmirched name remains? We prefer to follow those courts, in the minority though they are, where an appeal is considered useful though it may serve no purpose but to give a man a chance to clear his name. The motion to dismiss is denied.
Turning to the merits of the appeal, and selecting as we must the evidence most strongly supporting the judgment, we find that the defendant and Baris, the complaining witness, had entered into a contract whereby the defendant was to furnish labor and material to accomplish certain building repairs. While these repairs were going on the defendant arrived at work late one morning. An explanation was asked by Baris and in reply the defendant stated he had gone around to the lumber company to obtain a discount by a prompt payment of a lumber bill. The lumber bill which defendant stated he paid, according to> the complaining witness, was one on the Baris job. The fact was, and the defendant claims he made no statement to the contrary, the bill paid was on another job entirely, and the lumber on Baris building had not been paid for when, some ten days later, Baris paid the defendant one hundred dollars on account. Were we permitted to weigh the evidence we would have no hesitancy in saying that at best the complaining witness was mistaken in what he understood the defendant to have said. Of course, we cannot weigh the evidence, and we speak of its impression upon us solely because the situation illustrates the wisdom of the requirement of section 1110 of the Penal Code, that on. a trial for obtaining money by a pretense consisting of an oral statement, “the defendant cannot be convicted . . . unless the pretense is proven by the testimony of two witnesses, or that of one witness and corroborating circumstances”. Baris was the only witness who testified that the defendant made the statement that the material bill he had paid was on the Baris job. It was not enough to produce a second wit *Supp. 782 ness who testified that there was conversation respecting the payment of a bill, but who heard nothing about the Earls bill. (See People v. Neetens (1919), 42 Cal. App. 596, 600 [184 Pac. 27].) Nor are the circumstances of the ease, which we do not here detail, corroborative of the testimony that the defendant made the pretense claimed. Bather, they negative the conclusion that he made the statement charged to him.
The judgment is reversed, with directions that a new trial be had in the Superior Court of Los Angeles County.
McLucas, P. J., and Shaw, J., concurred.