[Crim. No. 10997.   Second Dist., Div. Four.   Mar. 29, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE BLUNT, JR., et al., Defendants and Appellants.

Gilda R. Cohen, under appointment by the District Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—By information, defendants George Blunt and Edward Mims, were each charged with possession of marijuana (Health & Saf. Code, § 11530) in count 1, and offering to sell, furnish and give away marijuana (Health & Saf. Code, § 11531) in count 2. Three prior felony convictions were alleged against Blunt and one against Mims. The trial was by the court sitting without a jury. The case was submitted on the transcript of the preliminary hearing with Blunt offering additional testimony. The court found Blunt guilty of possession of marijuana (count 1) and not guilty of count 2. Mims was found not guilty of possession (count 1), but guilty of the charge that he offered to sell or furnish it (count 2). A motion for new trial by Mims was denied. In lieu of granting the motion, however, the court found Mims guilty of possession of marijuana, "a lesser but necessarily included offense in that charged in count 2." The alleged prior convictions were found to be true but were stricken by the court. Probation was denied to defendants and both were sentenced to state prison. Defendants appeal from the judgments entered.

The charges against defendants arose out of a single incident which occurred during the early morning hours of December 3, 1964. Officer James Willis of the Los Angeles police department had entered the 2023 Club on South Central Avenue. He was accompanied by another officer. Willis stationed himself at the bar. Over a period of time he saw several persons enter and leave the men's restroom. He observed that on several occasions Mims entered the restroom after these persons. Officer Willis then walked into the restroom and stood near a group of men, including Mims. He overheard Mims tell an unidentified person, ''I can score for you and we can both get high.'' After the unidentified person walked out Willis engaged Mims in conversation. The officer stated ''Where's the stuff?'' (Meaning marijuana.) Mims replied that he could ''score'' for him if he wanted him to, and asked how many he wanted. The officer stated ''I would like to get four joints.'' (Marijuana cigarettes.) Mims told him to wait in the restroom until he returned. He then left and went into the bar area. He returned about 10 minutes later accompanied by defendant Blunt. The latter held out his hand and the officer observed that he was holding four brown paper wrapped cigarettes which appeared to be marijuana. At this point the officer identified himself and placed Blunt and Mims under arrest. They were taken to the police station in a police vehicle along with another person who was also arrested at the club. Upon reaching the station Officer Willis discovered what appeared to be a small quantity of marijuana in a piece of paper in the back seat of the vehicle where defendants and the other person had ridden. The vehicle had been cleaned out earlier that evening and no one other than the officers had been in it prior to the arrests of defendants. No charges were filed against the person arrested with defendants.

It was stipulated that the four cigarettes which defendant Blunt had in his hand, and the substance found inside the piece of paper in the back seat of the police vehicle, were tested and determined to be marijuana.

Defendant Blunt testified that he was in the restroom of the 2023 Club at about 2 a.m. on December 3, when a man entered, pulled a gun and identified himself as a police officer; he was then searched, as was Mims; from his right front pocket the officer removed four marijuana cigarettes; he told the officer he bought them ''from a guy up there in the bar''; they found this person and all three of them were put in the back seat of a police car; he and Mims were handcuffed but the third person

was not; the third person was released after they reached the police station; he then told the officer that on the way to the station he saw this person take some marijuana and push it down behind the seat; the officer searched the vehicle and found the marijuana; the third person was subsequently picked up. Blunt further testified that he had not been brought to the restroom by Mims at the time he was arrested; he hardly knew Mims.

Mims urges that his conviction was not supported by the evidence and was contrary to law. In particular, he maintains that the court, having acquitted him of the charge of possession of marijuana (as alleged in count 1 of the information), could not thereafter ignore that finding and find him guilty of a charge of possession of marijuana as a necessarily included offense in the count 2 charge alleging that he offered to sell and furnish it.

Defendant points to a comment made by the trial court which, he argues, is inconsistent with the finding that he was in possession of the contraband. When the initial verdict was rendered, the court said: "As to Mims, I find him guilty of setting up the sale, and to that extent guilty of the sale, but he is not, in my opinion, guilty of the possession of marijuana in the car. He is certainly not guilty of the marijuana in Blunt's possession under these circumstances, so I acquit him of those counts." Thereafter, when defendant Mims moved for a new trial he asked the court, in lieu of granting the motion, to reduce the offense. The court went along with this request.

Both parties to this appeal apparently rely on *People* v. *Rosales,* 226 Cal.App.2d 588 [38 Cal.Rptr. 329], for the proposition that the offense of possession of marijuana is a necessarily included offense within a charge of offering to sell, furnish and give away marijuana in violation of Health and Safety Code section 11531. In *Rosales* this court held that (at p. 592) "No sale of narcotics is possible without possession, actual or constructive. [Citation.] Since every sale includes possession, the crime of illegal possession of narcotics is therefore a necessarily included offense in the offense of sale of narcotics." In the instant case, however, defendant was not charged with the sale of marijuana, but with offering to sell, furnish and give it away. We can conceive of situations in which a defendant could be convicted of this charge without also finding that he was in possession of the marijuana, as for instance, where a person, prior to securing possession of the contraband from a wholesaler or supplier, offers it for sale

with the intention of securing possession upon receipt of an order for it.

Penal Code section 1159 provides that a defendant may be found guilty of any offense "... the commission of which is necessarily included in that with which he is charged. ...."

"[W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citation.]" (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].) Under this definition the offense of which defendant was convicted would not be "necessarily included."

However, the vice of a conviction for a non-included offense is either that defendant was denied due process of law by reason of lack of notice or that he was convicted of an offense which he was not proved to have commited. Neither objection is present here. The offense of possession was charged in count 1. Hence, defendant came to trial knowing that he must defend against that charge. He had a full opportunity to, and he did in fact, offer such defense as he had. It follows, therefore, that there was no lack of due process.

The record in this case contains evidence which would clearly support a finding of guilt of either possession of marijuana or the violation of Health and Safety Code section 11531 as alleged. The evidence showed that defendant aided and abetted in the furnishing of the contraband to the officer. Section 11531 does not require proof of consideration moving to defendant. (*People* v. *Hutcherson,* 197 Cal.App.2d 771, 779 [17 Cal.Rptr. 636].) Nor is delivery of the narcotic an essential element. (*People* v. *May,* 224 Cal.App.2d 436, 439 [36 Cal.Rptr. 715].)

That the evidence was sufficient to support a finding defendant Mims was in possession of the marijuana in violation of Health and Safety Code section 11530, is also demonstrated. A finding that defendant was in actual physical possession of the narcotic was not required; constructive possession is sufficient; (*People* v. *White,* 50 Cal.2d 428, 431 [325 P.2d 985]); and the possession need not be exclusive (*People* v. *Prieto,* 191 Cal.App.2d 62, 71 [12 Cal.Rptr. 577]). Evidence of physical possession by the defendant's agent, and by any other person when the defendant has the right to exercise dominion and control over the narcotic, is held sufficient. (See *People* v. *White, supra,* at p. 431.)

As an apparent act of leniency—and in addition to striking a prior conviction which it had found to be true—the

court reduced the offense of which Mims stood convicted to simple possession. The record shows that it did so at Mims' request. Under these circumstances, and since defendant's conviction of the more serious offense was clearly warranted by the facts, defendant is in no position to complain about any inconsistency in the result reached which found him convicted of the less serious crime. (See *People* v. *Powell,* '236 Cal. App.2d 881 [46 Cal.Rptr. 415]; *People* v. *Hensel,* 233 Cal. App.2d 834 [43 Cal.Rptr. 865].)

With respect to the appeal of defendant Blunt, the case presents merely a conflict in the testimony, which the trial court resolved against the defendant. We have examined the record and found no ground for reversal. Indeed, Blunt's own testimony contains the admission that he was in possession of marijuana. The court's decision—acquitting him of the sale charge but finding him guilty of the count charging possession—was the best result he could have hoped for on the basis of the evidence presented.

The judgments are affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 25, 1966.