[Crim. No. 15049. Second Dist., Div. Three. May 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL DONALD TAYLOR, Defendant and Appellant.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

478

479

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philippe J. Monet, Deputy Attorney General, for Plaintiff and Respondent.

FRAMPTON, J. pro tem.*—·

### STATEMENT OF THE CASE

Defendant was charged by information with armed robbery in counts I, II, III. and V, with attempted murder in count IV, and assault with a deadly weapon on a peace officer in count VI. In counts I to V, inclusive, defendant was charged with being armed with a deadly weapon at the time of the commission of the offenses and with being armed at the time of his arrest with a concealed automatic pistol. Prior to the

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

480

entry of plea, on August 11, 1967, pursuant to the provisions of section 730 of the Evidence Code, two medical doctors were appointed "to examine defendant as to his sanity at time of the commission of the offense, whether the defendant is aware of the nature of the proceedings against him, and assist him in his defense, and whether the defendant could develop the specific intent and malice aforethought." On September 5, 1967, the court found the defendant sane within the provisions of section 1368, Penal Code, whereupon the defendant entered a plea of not guilty, and not guilty by reason of insanity. Again on November 14, 1967, on motion of the People, a hearing was had pursuant to section 1368, Penal Code and again the defendant was found to be presently sane. Upon trial by the court, sitting without a jury, a jury trial having been duly waived, defendant was found guilty of robbery in the first degree as to counts I, II, III, and V; guilty of assault with a deadly weapon, a lesser but necessarily included offense under the charge in count IV; and of simple assault as to count VI. Upon trial of the issue raised by the plea of not guilty by reason of insanity, the defendant was found to have been sane at the time of the commission of the offenses, and presently sane.

The defendant's motion for a new trial was denied and probation was denied after hearing. Sentence to state prison followed, the sentences on counts I and II were ordered to run concurrently with each other. The sentences on counts III and IV were ordered to run concurrently with each other but consecutively to the sentences imposed on counts I and II. The sentence on count V was ordered to run concurrently with the sentences pronounced on counts I, II, III and IV. No sentence was pronounced on count VI.

The judgment as to count I recites that the allegation of being armed at the time of the commission of the offense was found to be not true, and the allegation of being armed at the time of arrest was found to be true. The judgment also recites, as to counts II, III and V that the allegations of being armed at the time of the commission of the offenses, and of being armed at the time of arrest were found to be true. As to count IV, the judgment recites that the allegations of being armed at the time of the commission of the offense and at the time of arrest were found to be true. The appeal is from the judgment.

STATEMENT OF FACTS

On June 30, 1967, Joseph T. Wright (count I), a sales truck driver for Helms Bakery Company, was serving a cus-

tomer on West Imperial in the City of Los Angeles when the defendant and another male person came toward his truck. The other person held a gun in his hand and, pointing it at Mr. Wright, said, ''Give me your money.'' Being in fear, Mr. Wright let the defendant and the other person take $25 in coins and $40 to $60 in currency. The defendant and the other person then left in a hurry. Mr. Wright identified a gun shown him on the witness stand as the gun that was held on him at the time of the robbery.

In the afternoon of July 5, 1967, near 131st Street and Vermont Avenue in the City of Los Angeles, Mr. Wright (count II), still working as a Helms Bakery truck driver, saw the defendant with the same person whom he had seen on June 30th approach his truck. Defendant held the gun in his hand on this occasion. The gun was similar to the one used on June 30th. One of the robbers said, ''We want it all this time.'' Being in fear, Mr. Wright allowed the defendant and the other person to take from him a little over $100.

In the afternoon of July 8, 1967, Alexander Wainer (counts III and IV), a sales truck driver for Helms Bakery Company, was on 3d Avenue between 48th and 50th Streets in the City of Los Angeles when the defendant and another person approached his truck. The defendant was holding the gun on this occasion. Both of them stepped into Mr. Wainer's truck. The defendant demanded money, and Mr. Wainer gave him approximately $35 which he was carrying in his pocket. The defendant then asked Wainer for his wallet, and Wainer replied that he did not have a wallet. The defendant then struck Mr. Wainer with the gun on the side of the head. Mr. Wainer stepped out of the truck and started to run. As he was running, he heard a shot and was struck in the back by a bullet. The defendant and the other person then ran away.

In the afternoon of July 8, 1967, Israel Chern (count V), a sales truck driver for Helms Bakery Company, was serving a customer on 58th Place between Normandie and Halldale in the City of Los Angeles when the defendant and another person approached him. The other person told Mr. Chern to ''put my money into a sack.'' The defendant took out an ''automatic'' and said, ''I mean business, hurry.'' Mr. Chern put approximately $40 in a sack and placed the sack on the floor of the truck for them to take. The other person opened a drawer of the truck and took out a watch and some wrapped coins. The defendant and the other person then left the truck without the sack of money but the defendant returned for it

10 to 15 seconds later, stating, "You punk, what did you do with the money?" Mr. Chern, being in fear, handed the sack of money to the defendant.

While Mr. Chern was being robbed he activated a police alarm in his vehicle and a police unit arrived at the scene one and one-half minutes later.

Orley R. Barton, a police officer for the City of Los Angeles, having received information over his radio that a robbery of a Helms Bakery truck had just occurred, arrived at the scene, and was informed of the direction in which the defendant and his companion had fled. Officer Barton, following the directions given him, apprehended the defendant and arrested him on 59th Street, near Halldale. Officer Barton was dressed in plain clothes, but carried his police badge displayed on his shirt. He informed the defendant at the time of the arrest that he was a police officer for the City of Los Angeles. Upon searching the defendant, Officer Barton found a .25 automatic in the defendant's right front pants pocket. This was the gun identified by the victims Wright, Wainer and Chern as having been used in the robberies. A .25 calibre bullet was removed from Mr. Wainer's back at the hospital. An expended shell casing found near Mr. Wainer's truck was ejected from the gun taken from the defendant.

Later on at the police station, Officer Barton observed the defendant talking to another arrestee. Officer Barton told the defendant to refrain from talking but the defendant ignored the request. As Officer Barton started to move toward the defendant, the latter jumped up, saying, "This is what I have been waiting for." Defendant then struck the officer on the left jaw with his fist and swung a chair, hitting the officer in the stomach and on the right leg. This incident is the basis of the charge of assault with a deadly weapon upon a peace officer contained in count VI of the information.

## DEFENSE

The defendant testified that during the months of June and July 1967, he was using methedrine and heroin. He had taken methedrine and heroin on the evening of July 7th and on the morning of July 8th and had no recollection of what happened on July 8th.

## CONTENTIONS ON APPEAL

Defendant contends that (1) the evidence is insufficient to support a finding that he had the specific intent to steal; (2) the evidence is insufficient to support the judgment as to

count VI (simple assault); (3) defendant's Sixth Amendment right to counsel at the lineup was violated and (4) defendant was subjected to double punishment.

The record before us contains substantial evidence of the defendant's intent to steal, and that he committed an unprovoked assault upon the person of Officer Barton. His attack upon the sufficiency of the evidence in these particulars is wholly without merit.

Defendant urges that the witness' in-court identification should have been excluded in that he was not represented by counsel at a police lineup, relying on *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951].

The question of identification of the defendant at a police lineup was first brought up by defendant's counsel on cross-examination of the witness Joseph T. Wright (counts I and II). There is no showing in the record that defendant was not represented by counsel at the lineup. At trial, the defendant did not claim that he was not represented by counsel at the lineup, nor did he assert that he was not advised of the right to the presence of counsel at the lineup. We might well conclude from the absence of any proof of illegality in the lineup that defendant thereby waived his constitutional objection; we will, however, decide the point upon its merits.

 Assuming, therefore, that defendant was not represented by counsel at the lineup and properly raised the issue at the trial, failure to have counsel present at the lineup does not require a reversal per se. It has been held that a pretrial lineup at which an accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel without intelligent waiver denies the accused his Sixth Amendment (United States Constitution) rights to counsel and confrontation of the witnesses against him and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup. The burden is on the prosecution in such circumstances to show by clear and convincing evidence that the in-court identifications were based upon observation of the suspect other than the lineup identifications, that is, the in-court identifications had an independent source, or that their introduction in evidence was, in any event, harmless federal constitutional error. (*United States* v. *Wade* (1967) 388 U.S.

484

218, 235-236, 240, 242 [18 L.Ed.2d 1149, 1162, 1164-1165, 1166, 87 S.Ct. 1926]; *Gilbert* v. *California* (1967) 388 U.S. 263, 272 [18 L.Ed.2d 1178, 1186, 87 S.Ct. 1951].) Mr. Wright testified concerning his identification of the defendant as follows: "Q. Would you say that your identification of the defendant at this time is based upon your identification of the defendant in the lineup? A. Actually I got a much better look at them both [defendant and his partner] during the act of the holdups, but naturally I was right face to face within arm's length. In the lineup I was 50 feet away. . . . Q. All right now, may I ask again, and would you try to answer as best you can, whether or not you would be able to identify the defendant in this courtroom today if you had not identified him in the [p]olice lineup? A. Yes, I would. Q. You would? A. I am positive. Q. After this lapse of time you feel sure that you would be able to? A. Oh, yes." The record not only shows that the police lineup was fairly conducted, but it also shows by clear and convincing evidence that the in-court identification was based upon observation of the accused at the scene of the robberies. (*People* v. *Caruso,* 68 Cal.2d 183, 189 [65 Cal.Rptr. 336, 436 P.2d 336].) As heretofore pointed out, Mr. Wright was the victim of two robberies participated in by the defendant; one on June 30, 1967, and the other on July 5, 1967. The police lineup took place in the latter part of July 1967. The defendant was positively identified as the robber, without a police lineup, by three other witnesses to virtually identical crimes.

The defendant contends that he has been subjected to double punishment by reason of the recitals in the judgment that he was armed at the time of the commission of the robberies.

 The robberies in counts I, II, III and V were found to be robberies of the first degree. The judgment contains a finding as to counts II, III and V that the defendant was armed at the time of the commission of the offenses charged. These findings should be stricken from the judgment. The same recital of being armed at the time of the commission of the offense appears in the judgment as to count IV (assault with a deadly weapon) and should be stricken. (*In re Shull,* 23 Cal.2d 745 [146 P.2d 417]; *People* v. *Sparks,* 257 Cal.App.2d 306, 312 [64 Cal.Rptr. 682].)

 Defendant urges that the finding that he was armed with a concealed deadly weapon at the time of his arrest should also be stricken as imposing double punishment under section 3024, Penal Code. The automatic pistol found con-

cealed on his person at the time of his arrest was a concealed deadly weapon within the provisions of section 3024, Penal Code. (*People* v. *Aranda,* 63 Cal.2d 518, 533 [47 Cal.Rptr. 353, 407 P.2d 265].) The information properly charged the defendant with being armed with a concealed deadly weapon at the time of his arrest. His being so armed at the time of arrest was not an ingredient of the crimes of robbery, nor of the crime of assault with a deadly weapon, and had no connection with the commission of such crimes. It was a separate and distinct circumstance and the finding relating thereto bears upon the minimum sentence to be served. Such finding was proper based upon the pleadings and the evidence and does not offend the rule against double punishment proscribed by section 654, Penal Code.

Count IV of the information charged the defendant with the crime of attempted murder. The information contains no allegation that such attempt was made by use of a deadly weapon. In the absence of the latter allegation, it has been held that where the defendant is charged with assault with intent to commit murder he may not be found guilty of assault with a deadly weapon. (*People* v. *Arnett,* 126 Cal. 680, 681 [59 P. 204] ; see also *In re Hess,* 45 Cal.2d 171, 174-175 [288 P.2d 5].) It is the specific allegation of the accusatory pleading, rather than the statutory definition of offenses charged, which constitute the measuring unit for determining what offenses are included in a charge. (*People* v. *Marshall,* 48 Cal.2d 394, 404 [309 P.2d 456].) However, in the case at bench, defense counsel, at the conclusion of the evidence, urged the trial court to find the defendant guilty of assault with a deadly weapon under the charge of attempted murder. Under these circumstances the defendant impliedly consented that the information be treated as though the crime of attempted murder by use of a deadly weapon had been pleaded. (*People* v. *Francis,* 71 Cal.2d 66 [75 Cal. Rptr. 199, 450 P.2d 591] ; *People* v. *Hensel,* 233 Cal.App. 2d 834, 839 [43 Cal.Rptr. 865] ; *People* v. *Powell,* 236 Cal. App.2d 884, 887-888 [46 Cal.Rptr. 417] ; *People* v. *Blunt,* 241 Cal.App.2d 200, 204 [50 Cal.Rptr. 440].) The information as so amended clearly charged the lesser included offense of assault with a deadly weapon.

The judgment is modified by striking therefrom the finding that the defendant was armed at the time of the commission of the offenses charged in counts II, III and V of the information, and by striking therefrom the finding that the defendant

was armed at the time of the commission of the crime of assault with a deadly weapon, a lesser but necessarily included offense in the charge contained in count IV of the information as impliedly amended. As so modified, the judgment is affirmed.

Cobey, Acting P. J., and Schweitzer, J., concurred.