[Civ. No. 1247. Fifth Dist. Apr. 3, 1970.]

In re KATHERINE R., a Person Coming Under the Juvenile Court Law.
E. ROSS CLARK, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
KATHERINE R. et al., Defendants and Appellants.

## COUNSEL

Kelley, Livingston, Zavala, Neumark, Lowenstein & Mattison, Daniel Hays Lowenstein and Gene Livingston for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Arnold O. Overoye and O. Robert Simons, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—A petition was filed in the Stanislaus County juvenile court alleging that Katherine R. was a person coming within the provisions of section 601 of the Juvenile Court Law of California in that she was

beyond the control of her parents, having left home and remained away without parental consent. Following a hearing, on August 13, 1969, the minor was declared a ward of the juvenile court and was released to her mother under terms of probation. On August 19, the minor and her mother filed a notice of appeal.

December 6, 1969, Katherine R. married. On January 9, 1970, as the result of her marriage, the Stanislaus County juvenile court terminated the wardship. The People then moved to have the appeal from the original orders dismissed upon the ground the appeal was moot.

Appellants contend, first, that the juvenile court lacked jurisdiction to make the final order revoking wardship, upon the ground filing of the appeal divested the juvenile court of jurisdiction. They point out that Welfare and Institutions Code section 800 provides that: "A judgment or decree of a juvenile court . . . assuming jurisdiction . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; . . ."

Appellants point out that filing a notice of appeal in a civil or a criminal case deprives the trial court of jurisdiction (Code Civ. Proc., § 916; *People v. Sonoqui,* 1 Cal.2d 364 [35 P.2d 123]; *Sacks* v. *Superior Court,* 31 Cal.2d 537 [190 P.2d 602]; *Dallman* v. *Dallman,* 164 Cal.App.2d 815 [331 P.2d 245]; *People* v. *Owens,* 71 Cal.App.2d 831 [164 P.2d 28]). Therefore, they argue, under the mandate of section 800 of the Welfare and Institutions Code, the juvenile court had no authority to make the second order and it is void for lack of jurisdiction.

An order directing that a minor be made a ward of the juvenile court is necessarily predicated upon circumstances existing at the time of adjudication, but it does not end there. Wardship, or jurisdiction over the person of a minor, is a continuing condition or status for the welfare of the child and changed circumstances must be considered in any proceeding concerning the child's status, even though such changed circumstances may develop during the pendency of an appeal. Consequently we do not find a jurisdictional analogy, as appellants do, between an appeal from a wardship adjudication and a stay of proceedings pending a criminal appeal.

On the other hand, we agree with appellants that a subsequent order based upon after-occurring events does not necessarily render moot an appeal from an order of the juvenile court predicated upon the criminal guilt of a minor, simply because the wardship has been terminated. There are cases holding that an adult has the right to appeal from an adverse judgment in order to clear his name, regardless of whether the penalty

imposed pursuant to the conviction has been satisfied. In *People* v. *Chamness,* 109 Cal.App. Supp. 778, 781 [288 P. 20], the court said: "We prefer to follow those courts, in the minority though they are, where an appeal is considered useful though it may serve no purpose but to give a man a chance to clear his name."

In *In re Byrnes,* 26 Cal.2d 824 [161 P.2d 376], the Supreme Court followed the reasoning in *Chamness,* and held the appeal valid even though the defendant had served the full terms of imprisonment imposed under the judgment of conviction. (See also *People* v. *Becker,* 108 Cal.App.2d 764 [239 P.2d 898].) Similarly, it was held in *In re Lincoln,* 102 Cal.App. 733 [283 P. 965], that an attorney's appeal from a one-year suspension for unprofessional conduct was not moot where the year had expired and the attorney had returned to practice while the appeal was pending. (Cf. *People* v. *Succop,* 67 Cal.2d 785, 790 [63 Cal.Rptr. 569, 433 P.2d 473], sex psychopathy commitment.)

█ Were the order making the minor a ward of the juvenile court predicated upon a finding that she had committed a criminal act, we would be inclined to agree with appellants that the minor should be given the same right as an adult, to clear her name. But the nub of appellants' complaint, according to the opening paragraph of their brief on appeal, is that the order making the minor a ward of the court imposed "probationary terms severely restricting her liberty." The court did not find the minor guilty of a crime; it found that she was in need of supervision because she ran away to another state and lived for a time with a man to whom she was not married. Appellants appealed; the minor thereafter married and no longer needed to reside with her mother or remain a ward of the court for her own protection or the protection of society. The wardship was then terminated, and the restraint on her liberty was lifted; we deem the appeal moot.

The motion to dismiss the appeal is granted.

Gargano, J., and Coakley, J., concurred.