[Crim. No. 20514. Second Dist., Div. Five. June 28, 1972.]

In re DANA J., a Person Coming Under the Juvenile Court Law.
KENNETH E. KIRKPATRICK, as Chief Probation Officer, etc., Plaintiff
and Respondent, v.
DANA J., Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, John J. Gibbons, Steven A. Freeman and Laurance S. Smith, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and John R. Evans, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—By petition filed May 19, 1970, the People alleged that appellant Dana J., a minor, came "within the provisions of Section 602 of the Welfare and Institutions Code of California, in that: said minor, on or about 5-2-70 at 11:30 P.M. at the corner of Orange Drive and Willoughby,

Hollywood, County of Los Angeles, was illegally in possession of a narcotic, to wit: marijuana, thereby violating Section 11530 of the Health and Safety Code of California." Appellant denied the allegation.

On June 17, 1970, a jurisdictional hearing was held before Referee Jules D. Barnett. At the jurisdictional hearing, the referee expressed his opinion that he in fact believed that appellant had possessed the marijuana, but because of certain inconsistencies in the testimony of the two arresting officers, he did not believe that the weight of the People's evidence rose to the "reasonable doubt level." The referee, however, further expressed his opinion that appellant was in "need [of] assistance by the probation officer," and, as a consequence, the referee, on his own motion, amended the petition to allege a violation of "curfew," "45.03a of the Los Angeles Municipal Code. . . ."[1] Appellant objected to the amendment on the grounds that (1) the named code section was not a curfew statute, but, instead, was a loitering statute, and that (2) appellant had not been given adequate notice of the amendment, and as a consequence, had "not prepared a defense on that basis." Appellant's objections were overruled; and the referee found the allegation of the "curfew" violation to be true and dismissed the allegation of possession of marijuana.

Dispositional proceedings were held on July 1, 1970, and appellant, without being adjudged or declared to be a ward of the court, was "placed on probation under the supervision of the probation officer for a period of six months. . . ."

On July 13, 1970, appellant filed a notice of appeal "from the judgement entered against him on July 1, 1970 . . . ." The preparation of the appellate record was delayed, however, while appellant brought other litigation in order to secure for himself a cost free transcript for use on appeal. (*Dana J.* v. *Superior Court* (1971) 4 Cal.3d 836 [94 Cal.Rptr. 619, 484 P.2d 595].)

On December 29, 1970, while appellant was awaiting the outcome of his "right to transcript" litigation, Judge Marvin A. Freeman, on his own motion, ordered that appellant's "case be set to the appearance calendar of January 11, 1971 . . . for hearing on Probation Officer's report." On January 11, 1971, Judge Freeman, "having read and considered the Probation Officer's report and recommendation [ordered] that the case be dismissed. . . ."

---

[1]Los Angeles Municipal Code section 45.03a prohibits *loitering*: "No person under the age of eighteen years shall loiter about any public street, avenue, alley, park, or other public place between the hour of 10:00 P.M. o'clock and the time of sunrise of the following day unless accompanied by his or her parent or legal guardian. . . ."

Thereafter, on August 23, 1971, appellant filed his opening brief with this court. The People then moved to have appellant's appeal dismissed for the reason that "the dismissal of the case by the superior court [rendered] the instant appeal moot." On December 16, 1971, on appellant's motion, we continued the hearing on the People's motion to dismiss until the hearing on the merits.

■ We do not believe that the appeal should be dismissed. In the case before us, appellant was found to have violated a law and was ordered to serve six months on probation. Appellant completed the probationary period, and, as a consequence, the People would have us dismiss appellant's appeal as being moot. It is, however, "[t]he purpose of [juvenile court law] to secure for each minor under the jurisdiction of the juvenile court such care and guidance . . . as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the State; . . . This [law] shall be liberally construed to carry out these purposes." (Welf. & Inst. Code, § 502.) "[T]he rights of the minor remain paramount in view of the serious consequences attending delinquency proceedings." (*Dana J.* v. *Superior Court, supra,* at pp. 839-840.) The juvenile's right of appeal, as provided by Welfare and Institutions Code section 800, affords the juvenile the opportunity to rid himself of "the stigma of criminality" (*T.N.G.* v. *Superior Court,* 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]) and to "clear his name" of a criminal charge (*In re Katherine R.,* 6 Cal.App.3d 354, 357 [86 Cal.Rptr. 281]). To deny the juvenile this opportunity would serve neither the interests of the juvenile nor the interests of the state, and the fact that the juvenile suffered a noncustodial disposition (probation) rather than a custodial disposition (wardship), is of no more moment to the consideration of a juvenile appeal than it is to the consideration of an adult appeal. (*In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445].) "[T]he matter of a besmirched name remains" (*People* v. *Chamness,* 109 Cal.App.Supp. 778, 781 [288 P. 20]), and the appeal is not moot. (See *In re Richard D.,* 23 Cal.App.3d 592, 594-595 [100 Cal. Rptr. 351].)

■ Turning now to the merits of appellant's appeal, we consider appellant's contention that "appellant was denied fair notice of the charges against him, and was denied an opportunity to defend against them." In *In re Gault,* 387 U.S. 1, 33 [18 L.Ed.2d 527, 549, 87 S.Ct. 1428], the United States Supreme Court wrote the following: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be af-

forded, and it must 'set forth the alleged misconduct with particularity.' "[2] In the case before us, the petition alleged only that appellant had possessed marijuana. In order for the People to have proved this allegation, the People would have had to have established "(1) that the accused exercised dominion and control over the contraband, (2) that he had knowledge of its presence, and (3) that the accused had knowledge that the material was a narcotic." (*People* v. *Groom*, 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359].) Appellant's entire defense was addressed to the allegation that he had possessed marijuana. The referee found the allegation of possession of marijuana to be untrue, and simultaneously amended the petition to allege a violation of "curfew," "45.03a of the Los Angeles Municipal Code." Appellant objected to the amendment, but the objection was overruled, and the allegation of violation of "curfew," "45.03a of the Los Angeles Municipal Code" was found to be true. We fail to see how notification of an allegation of possession of marijuana will in any way afford a "reasonable opportunity to prepare" a defense to an allegation of violation of "curfew," "45.03a of the Los Angeles Municipal Code."[3] The analogy to holdings in adult criminal cases such as *People* v. *West*, 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409] is inescapable. In *West*, the court stated: "When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. (*In re Hess* (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5]; *People* v. *Wilson* (1969) 271 Cal.App.2d 60, 62 [76 Cal. Rptr. 195].) This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' (*In re Hess*, *supra*, 45 Cal.2d at p. 175.) Thus if the accusatory pleading

---

[2]"[Report by the President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society (1967)] p. 87. The Commission observed that 'The unfairness of too much informality is . . . reflected in the inadequacy of notice to parents and juveniles about charges and hearings.'" (*In re Gault*, *supra*, fn. 52 [18 L.Ed.2d at p. 549].)

[3]The fact that the minor can get a measure of relief under Welfare and Institutions Code section 781 is beside the point of whether we should decide the appeal. In addition, there are certain conditions to such relief, and we do not know whether Dana J. can satisfy them; we should not put him to the trouble of filing a separate petition for such relief when he is here, now, asking that his appeal be considered on its merits; further, a statutory amnesty such as that provided in section 781 is inherently different than a "vindication" on the merits, and, until the contrary is shown, there remains the suspicion that somebody may keep permanent records available to interested officials, in spite of section 781 relief. We find it difficult to follow the dissent's point that Dana J. ought to be grateful for a windfall, rather than persist in his appeal. Dana J. is not the first appellant to be permitted to take advantage of and benefit from a trial court's error in his favor.

adequately notifies the defendant that the People will seek to prove the elements of a lesser offense, the court has jurisdiction to convict of that lesser offense although the statutory definition of the lesser crime does not logically compose a part of the greater. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456].) [Footnote omitted.] Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense. (*People* v. *Francis* (1969) 71 Cal.2d 66, 74-75 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Taylor* (1969) 273 Cal.App.2d 477, 485 [78 Cal.Rptr. 51]; *People* v. *Blunt* (1966) 241 Cal.App.2d 200, 204 [50 Cal.Rptr. 440]; *People* v. *Powell* (1965) 236 Cal.App.2d 884, 887-888 [46 Cal.Rptr. 417].)"

The motion to dismiss is denied; the judgment is reversed.

Kaus, P. J., concurred.

On July 17, 1972, the following concurring opinion was filed:

**AISO, J.**—I now withdraw my dissenting opinion heretofore filed on June 28, 1972, and concur in the court's judgment denying the People's motion to dismiss the appeal and reversing the judgment of the juvenile court. Subsequent to the filing of my dissent, the following have been brought to my attention: (1) California Constitution, article IV, section 9, and (2) Statutes of 1972, chapter 84, passed as an urgency statute. The constitutional provision throws doubt on the validity of amending Welfare and Institutions Code section 781 by Statutes of 1971, chapter 1748, section 1. Statutes of 1972, chapter 84, amends Welfare and Institutions Code section 602 to provide that the age at the time of the offense is the determinative factor as to whether a person may be adjudged a ward of the juvenile court. In light of these educative developments, I now concur in the disposition which the majority makes of this cause; it dispenses with further litigation and avoids questions of constitutionality.