[No. A054678. First Dist., Div. Five. July 22, 1992.]

In re MICHELLE M., a Person Coming Under the Juvenile Court Law.
SOLANO COUNTY WELFARE DEPARTMENT, Plaintiff and
Respondent, v.
MITCHELL J., Defendant and Appellant.

**COUNSEL**

Carole Greeley for Defendant and Appellant.

Thomas H. Gordinier, County Counsel, Vicki Sieber-Benson, Assistant County Counsel, and Kathleen M. Keeshen, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

HANLON, J.*—Mitchell J. appeals from the jurisdictional and dispositional orders finding his daughter Michelle M. a dependent child of the juvenile court. (Welf. & Inst. Code, § 300.)[1]

On December 21, 1990, the Solano County Welfare Department (the Department) filed a petition alleging that Timothy M.[2] (born in September 1984) and his half sister Michelle M. (born in August 1987) had been

---

*Judge of the San Francisco Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]This appeal does not pertain to Timothy M.

sexually abused by Michelle's father (appellant) and that these two children and their half brother Michael F. (born in October 1989) were at risk of future abuse. (§ 300, subds. (a), (d), (j).) A contested jurisdictional hearing took place over four days in June 1990.

At the end of the hearing, the court dismissed the petition as to Michael F. and found the remaining allegations of the petition true. At the dispositional hearing, the court found the minors to be dependent children of the juvenile court and placed them in the custody of their mother under the supervision of the Department. The court ordered no contact between appellant and the minors except in a therapeutic setting if deemed appropriate by the minors' therapist in consultation with the social worker.

On January 13, 1992, the juvenile court terminated its jurisdiction over the minors. Appellant did not appeal from the order terminating the juvenile court's jurisdiction, and thus, it became final. At the same time, the juvenile court properly transferred its custody and visitation order to the superior court under the authority of section 362.4.[3] That section provides that when the juvenile court terminates its jurisdiction over a dependent child and no action is pending relating to custody of the minor, the juvenile court order may be used as the sole basis for opening a file in the superior court. Thereafter, the parties may seek relief or modification of that order in the superior court based on a showing of "the best interest of the child." (Civ. Code, §§ 4600, 4608.)

The Department asserts this appeal has thus been rendered moot. Appellant disagrees and posits five reasons why this appeal is not moot and should be considered: (1) dependency proceedings are ongoing, (2) the issues raised are of public interest, (3) he has been stigmatized, (4) the orders can serve as building blocks, and (5) the orders have collateral consequences, i.e., custody.

The cases cited by the parties are distinguishable because they do not involve a similar termination of jurisdiction. The case of *In re Lisa M.* (1986) 177 Cal.App.3d 915 [225 Cal.Rptr. 7], is most on point. In that case no appeal had been taken from the dependency proceedings or orders. A subsequent order terminating parental rights on a Civil Code section 232 petition was not appealed. The appellant-mother was mentally retarded and, while represented by counsel, did not have a guardian ad litem to represent her interests. The court held an appeal from an interim placement order moot because there was no jurisdiction remaining upon which to act. The mother could not confer upon the court jurisdiction to affect appealable orders from

---

[3]On May 18, 1992, we took judicial notice of the certified copy of the order.

which no appeal was taken. (*Id.*, at p. 920.) ▉ The same is true of the case herein; we find that we have no jurisdiction to act upon any order. There is no ongoing dependency proceeding, as in the case of *In re Melissa S.* (1986) 179 Cal.App.3d 1046 [225 Cal.Rptr. 195]. It has been terminated.

Appellant contends that the issues raised are of public interest, as in *In re Jeanette H.* (1990) 225 Cal.App.3d 25 [275 Cal.Rptr. 9]. There, the parents admitted the allegations of the dependency petition, but that did not moot the question of an appeal on the issue of the juvenile court's discovery policy which could affect future proceedings, not only in other cases but between the parties themselves. (*Id.*, at p. 30.) Again, there was an ongoing dependency case for jurisdiction. Appellant has not demonstrated any issue of public interest which this court should address in order to resolve ongoing disputed issues between the parties. (See *ibid.*)

Appellant cites *In re Dana J.* (1972) 26 Cal.App.3d 768 [103 Cal.Rptr. 21], for the proposition that he will be stigmatized by the fact his child has been declared a ward of the court. But such is not the case here. Traditionally, "wards" are those children who are within the jurisdiction of the court by reason of delinquent behavior. *In re Dana J.*, *supra*, relates directly to the issue of whether an appeal of a delinquency petition may be moot, and not the termination of dependency jurisdiction.

Appellant relies on *In re Linda P.* (1987) 195 Cal.App.3d 99 [240 Cal.Rptr. 474], for the proposition that dependency orders serve as building blocks for later orders. However, *Linda P.* stands for the proposition that finality of a judgment pursuant to Civil Code section 232, terminating parental custody, does not render moot an order in the prior dependency proceeding's permanency planning hearing. (At pp. 101, 106.) Again, the appeal was taken while the court had jurisdiction and held that a finding of error might affect the later termination proceedings. "The fact that a parental custody decision has become final should not preclude review of a significant basis for that decision. If the basis is found by direct appeal to be faulty, then equitable or other nonstatutory remedies may be appropriate to attack the final judgment terminating parental custody. [Citation.]" (*In re Linda P.*, *supra*, at pp. 105-106.) In the case at bar, this is not an appeal from an interim order which might affect further and subsequent orders of the juvenile court. There is no longer any jurisdiction over the children by the juvenile court.

Finally, appellant argues that findings in an earlier unreviewed order may have collateral consequences in related matters, such as custody orders or proceedings to terminate parental rights. Appellant relies on *In re Kristin B.* (1986) 187 Cal.App.3d 596 [232 Cal.Rptr. 36], for this proposition. However, the holding of *In re Kristin B.*, *supra*, is that where a judgment

terminating parental rights is challenged on appeal, an earlier appeal out of the juvenile court's dependency proceeding is not moot *if* the purported error is of such a magnitude as to infect the outcome of the ensuing termination action, or where the alleged defect undermines the juvenile court's initial jurisdictional finding. (*Id.*, at p. 605.) Again, we distinguish the case at bar by the fact that dependency jurisdiction has been terminated. *Kristin B.* does not stand for the principle that there is jurisdiction if there are ongoing collateral actions. The remedy is in those proceedings themselves, and not an appeal from a matter where jurisdiction has been terminated and is final. In such a case, jurisdiction cannot be conferred upon the appellate court. (*In re Lisa M., supra*, 177 Cal.App.3d at p. 919.)

We once again strongly urge the Legislature to consider alternative procedures for appellate review of dependency appeals. We recommended such relief over two years ago when deciding *In re Danielle M.* (1989) 215 Cal.App.3d 1267, 1271-1272 [266 Cal.Rptr. 352]. We have been joined with the voices of the distinguished jurists of the Sixth Appellate District in their specific request for legislative reform, stated in *In re Tiffany Y.* (1990) 223 Cal.App.3d 298, 304-305 [272 Cal.Rptr. 733]. The Legislature eliminated some of the problems involving the issue of whether dependency orders are moot after judgment is entered or parental rights are terminated under Civil Code section 232, by its amendments to the Welfare and Institutions Code through Senate Bill No. 243, effective January 1989. (Stats. 1987, ch. 1485, § 1 et seq., p. 5598 et seq.) Unlike the former practice, which required the filing and prosecution of a separate civil court action pursuant to Civil Code section 232, all termination proceedings for children who are dependents are heard in the juvenile court as part of the regular review process. (§ 366.26.) This ends inconsistent findings of moot issues from orders in separate proceedings. But this does not solve the frustration of determining jurisdictional issues made moot by the passage of time currently inherent in the appellate process. And it certainly does not resolve those important issues which should be decided in time to beneficially affect the children for whom the process has been established to protect.

Here, no direct relief can be granted even were we to find reversible error, because the juvenile court no longer has jurisdiction and we are only reviewing that court's ruling. We hold that the appeal filed herein by Mitchell J. is moot. Appellant's remedy was to attack the juvenile court's order terminating jurisdiction in order to raise the issues he urges before us. (See *In re Sarah M.* (1991) 233 Cal.App.3d 1486 [285 Cal.Rptr. 374] and *In re Phoenix B.* (1990) 218 Cal.App.3d 787 [267 Cal.Rptr. 269].) Accordingly, the appeal is hereby dismissed.

Haning, Acting P. J., and King, J., concurred.

A petition for a rehearing was denied August 13, 1992, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 19, 1992.