Filed 5/19/21  In re Royal H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ROYAL H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROYAL H., <br><br> Defendant and Appellant. | A160373 <br><br><br> (Contra Costa County Super. Ct. No. J18-00122) |

Minor, Royal H., appeals from a disposition order on a probation violation in this proceeding filed under Welfare and Institutions Code section 602.[1]  His sole contention on appeal is that the juvenile court erred in imposing probation conditions relating to gangs.  Because Royal has successfully completed probation and his wardship has been vacated, we dismiss the appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 29, 2018, the Contra Costa County (County) District Attorney filed a juvenile wardship petition under Welfare and Institutions

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Code section 602 alleging Royal, who was 15 years of age at the time, committed two violations of felony unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and two misdemeanor violations of driving without a license (Veh. Code, § 12500, subd. (a)).  On April 25, 2018, the County filed an amended petition adding a third violation of felony unlawful driving or taking a vehicle and a third misdemeanor violation of driving without a license based on an incident occurring on April 23, 2018.  On April 30, 2018, as part of a negotiated disposition, Royal admitted two counts of misdemeanor unlawful driving or taking a vehicle and the remaining allegations were dismissed.

Royal was placed on home supervision with probation conditions and released to his mother.  While under home supervision, Royal sustained numerous probation violations for violating curfew, leaving home, taking an automobile without permission, and possession of a stolen car.  On February 25, 2019, Royal was placed at Children's Home of Stockton.  He absconded from Children's Home of Stockton in May 2019 and surrendered to Contra Costa Juvenile Hall in September 2019.  On October 17, 2019, Royal was placed at Trinity Youth Services (TYS).  In December 2019, the TYS director filed a notice of placement change for removal from TYS, citing Royal's ongoing crossing of boundaries, multiple physical altercations, poor school attendance, unsafe actions, and intimidating acts toward peers and staff.  On January 23, 2020, Royal was placed at Courage to Change.

On March 3, 2020, Royal absconded from Courage to Change, and a bench warrant issued.  On March 6, 2020, Royal was arrested on the bench warrant.  On April 1, 2020, the juvenile court ordered Royal committed to Orin Allen Youth Rehabilitation Facility for a six-month program, plus an additional 180-day conditional release/parole period.  One of the terms of

2

probation was a prohibition from knowingly associating with gang members; knowingly participating in gang activity; or knowingly possessing, displaying, or wearing gang-related clothing or insignia. The gang prohibition condition was imposed based on reports from staff at Courage to Change that Royal had displayed the number 4 as a gang sign and shouted, " 'F*cking Norte, fake ass southerner!' " to a peer.

Royal filed a notice of appeal contesting the gang prohibition probation terms. On April 5, 2021, Royal's appellate counsel submitted a letter to the court notifying us that Royal successfully completed probation and that his wardship was vacated on March 30, 2021. Attached to counsel's letter was the juvenile court's order. Although Royal did not specifically request that we do so, we take judicial notice on our own motion of the March 30, 2021 order terminating Royal's probation and vacating his wardship. (Evid. Code, § 452, subd. (d).)

## DISCUSSION

"[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) " 'It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions . . . .' " (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

There are exceptions to the mootness doctrine which allow a reviewing court to exercise its discretion to consider the issues raised on appeal. One exception is where a case poses an issue of broad public interest that is likely to recur while evading appellate review. (*In re M.R.* (2013) 220 Cal.App.4th

3

49, 56.)  Another exception is where a juvenile seeks to clear his or her name by objecting to the jurisdictional findings that made him or her a ward of the juvenile court.  (*In re Dana J.* (1972) 26 Cal.App.3d 768, 771.)

Royal does not argue that his case involves an issue of broad public interest that is likely to recur while evading appellate review.  Nor could he successfully do so.  The alleged error Royal asserts on appeal involves a fact-specific issue related only to his case, and there is no likelihood the issue will recur.

Instead, Royal argues his successful completion of probation does not render his appeal moot because he has the right "to 'clear his name' of a criminal charge" and "to get rid of 'the stigma of criminality' . . . ."  (*In re Dana J., supra*, 26 Cal.App.3d at p. 771.)  He argues that the probation gang conditions cause a stigma because he may be labeled a gang member if he has further criminal conduct.[2]

*In re Dana J.* is inapposite because there the appellant was challenging the jurisdictional finding that made him a ward of the court.  (*In re Dana J., supra*, 26 Cal.App.3d at p. 771.)  Here, in contrast, Royal does not challenge the jurisdictional findings that resulted in his wardship under section 602.  Rather, he challenges one aspect of the punishment imposed on him after repeated probation violations.  Because he has successfully completed probation, we cannot provide effective relief even if we were to find reversible error.  (*Lincoln Place Tenants Assn. v. City of Los Angeles, supra*, 155 Cal.App.4th at p. 454.)

---

[2] We note that, pursuant to sections 786 and 787, the juvenile court's March 30, 2021 order dismissed the petition, deemed the arrest upon which the petition was based not to have occurred and ordered the records sealed.

4

## DISPOSITION

The appeal is dismissed.

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Wiseman, J.*


A160373/*People v. Royal H.*


_____

    * Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6