[Crim. No. 19842. Second Dist., Div. Four. Mar. 26, 1971.]

In re LARRY W., a Minor, on Habeas Corpus.

**COUNSEL**

Richard S. Buckley, Public Defender, John J. Gibbons, David Grossman and Laurance S. Smith, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

## OPINION

**FILES, P. J.**—There is before us a petition for writ of habeas corpus challenging the validity of an order of the Superior Court of Los Angeles County ordering the detention of petitioner, a 17-year-old boy, under Welfare and Institutions Code section 636.

On March 18, 1971, a petition was filed in the juvenile court charging that Larry W. (petitioner here) came within section 602 of the Welfare and Institutions Code in that he had committed a robbery. On March 19 a detention hearing was held before a referee who made a finding "that it is a matter of immediate and urgent necessity for the protection of the minor and the persons and property of others that he be detained." The minor was thereupon ordered detained and an adjudication hearing set for April 1.

On March 23 the public defender filed this petition on behalf of the minor.

Two procedural points require comment.

■ *First.* The petition states that no application has been made to the presiding judge of the juvenile court for the reason that such an application would be a futile act and would merely delay the proceedings. The petition alleges the "widespread, if not universal, failure of the Los Angeles County Juvenile Court to follow the clear mandate of the Supreme Court stated in *In re William M.* [3 Cal.3d 16 (89 Cal.Rptr. 33, 473 P.2d 737)], . . ."

We do not approve of this deliberate bypass of the juvenile court judge. We do not assume the superior court is deliberately ignoring the law. Where there is a dispute as to what the law is, that dispute is better presented to a reviewing court in the form of a decision of the trial court upon a specific factual situation, and not upon the public defender's allegation of how he thinks the superior court would rule.

■ *Second.* The petition here alleges that the finding of "immediate and urgent necessity" was based upon a reading of the probation officer's report and the unsworn written reports of various officers of the Los Angeles Police Department, which the referee received as evidence over the objections of the attorney for the minor. It does not appear that counsel

for the minor offered any evidence or requested time to produce evidence or the opportunity to confront and cross-examine the officers whose reports were before the court. The public defender appears to have stood upon the flat proposition that no detention order could be made unless live witnesses appeared, subject to cross-examination, under the rules of confrontation applicable to the trial of criminal cases.

Welfare and Institutions Code section 631 provides that no minor under 18 may be held in custody more than 48 hours, excluding nonjudicial days, unless a petition to declare him a ward or dependent child or a criminal complaint has been filed.

Section 632 requires that a minor in custody shall be brought before a judge or referee for a detention hearing "as soon as possible, but in any event before the expiration of the next judicial day after a petition to declare such minor a ward or dependent child has been filed." Otherwise the minor must be released from custody.

Section 635, referring to the detention hearing, provides: "The court will examine such minor, his parent, guardian, or other person having relevant knowledge, hear such relevant evidence as the minor, his parent or guardian or their counsel desires to present, . . ."

Section 630, subdivision (b), provides: "In such hearing the minor has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, any person examined by the court as provided in Section 635."

In *In re William M.* (1970) 3 Cal.3d 16 [89 Cal.Rptr. 33, 473 P.2d 737] the juvenile court had announced at the detention hearing that it would not release any minor charged with selling marijuana or LSD. The Supreme Court disapproved of that kind of determination. Its opinion declared that the juvenile court is required to consider each case on its individual merits, as determined in a factual hearing.

We find nothing in the statute or in *In re William M., supra,* which makes either the probation officer's report or the police reports inadmissible at a detention hearing. The contrary position of the public defender would in many cases make it impossible to conduct a detention hearing within the time limits mandated by sections 631 and 632. The purpose is to compel a detention hearing as soon as possible, and the statutory time limits afford little opportunity to subpoena witnesses for oral examination. Section 635 guarantees to the minor, his parents and counsel, the opportunity to call witnesses whom the court must hear. The persons whom the minor may wish to confront and cross-examine may include the persons whose written reports have been presented to the court; and he may be entitled to a

reasonable continuance if necessary to secure their presence. The minor's opportunity for a full hearing with witnesses subject to cross-examination is thus preserved without placing the juvenile court in the impossible position of having to produce witnesses in every case within the time limits allowed by sections 631 and 632.

The petition filed here on behalf of the minor does not allege that any such demand for confrontation was made.

The petition is denied.

Jefferson, J., and Dunn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 22, 1971. Peters, J., was of the opinion that the petition should be granted.