[Crim. No. 19957. Second Dist., Div. Four. Aug. 19, 1971.]

In re DENNIS H. on Habeas Corpus.

## COUNSEL

Richard S. Buckley, Public Defender, John J. Gibbons and Laurance S. Smith, Deputy Public Defenders, for Petitioner.

John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Respondent.

## OPINION

**KINGSLEY, J.**—This proceeding was instituted by a petition for a writ of habeas corpus designed to secure the release of Dennis from a detention order entered by the Juvenile Court of Los Angeles County. We issued an order directing his release to the custody of his parents and ordering the probation officer and the court to show cause why we should not vacate the order of detention. The effect of that order was to grant the relief sought. ▪ However, since it is apparent that the issues involved are continuing issues in the administration of the Juvenile Court Act and that, because of time elements inherent in that process, appellate review could never be completed before an individual case became moot, we determine those issues in this opinion.[1]

The probation officer of Los Angeles County filed in the juvenile court of that county a petition, alleging that Dennis was a person falling under section 602 of the Welfare and Institutions Code,[2] in that he had committed the crime of assault with intent to commit rape. He also filed a petition, pursuant to section 656, seeking the detention hearing provided for by section 630 et seq. Such a hearing was held on April 5, 1971. The probation officer submitted his case on certain written police reports and other

---

[1]"But if a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.*, 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737]).

[2]All statutory citations hereafter are to the Welfare and Institutions Code unless otherwise indicated.

documents. In accordance with our holding in *In re Larry W.* (1971) 16 Cal.App.3d 290 [94 Cal.Rptr. 31], the deputy public defender, acting as court-designated counsel for Dennis, demanded that he be given an opportunity to confront the makers of those reports. With the consent of Dennis and his counsel, the hearing was continued to April 7, 1971. At that hearing, the probation officer rested on the reports theretofore offered; admittedly, he had made no effort to secure the presence of the declarants and he, and the trial referee, took the position that the duty of securing those witnesses was on the minor and his counsel. The referee then entered a detention order based solely on the written documents. This petition followed.[3]

I

The petition before this court in *In re Larry W.* raised only the issue of the validity of using written reports, in lieu of oral testimony, at a detention hearing; our opinion dealt only with that narrow issue and we did not consider any matters going to the form or content of the reports. In the case at bench, such objections are urged. The various documents on which the juvenile court rested its order are before us. None of them are verified, either as affidavits or as declarations under section 2015.5 of the Code of Civil Procedure. When we examine the content of the documents it is apparent that much of the data therein contained is hearsay, not matters within the personal knowledge of the declarants. In addition, the documents report that Dennis had had four[4] "police contacts" within a two-month period. As to one, the report indicated that he had been released on his own recognizance; as to three, the report indicates merely that proceedings under the juvenile court law had been begun. As to none of the "contacts" are any details given, other than a reference to the Penal Code section allegedly involved in each.

In content these documents do not satisfy the requirements of proof imposed on the probation officer by sections 635 and 636[5] of the Code.

---

[3]The minor sought to test the validity of the proceedings at the detention hearing by a habeas corpus proceeding in superior court; that petition was denied. That application satisfied the suggestion we made in *In re Larry W.* (1971) *supra,* 16 Cal. App.3d 290, 292.

[4]The referee erroneously commented that the report showed five prior contacts.

[5]Welfare and Institutions Code section 635 reads: "The court will examine such minor, his parent, guardian, or other person having relevant knowledge, hear such relevant evidence as the minor, his parent or guardian or their counsel desires to present, and, unless it appears that such minor has violated an order of the juvenile court or has escaped from the commitment of the juvenile court or that it is a matter of immediate and urgent necessity for the protection of such minor or the person or property of another that he be detained or that such minor is likely to flee the

■ While evidence that a minor has been in repeated difficulty with the police may have some evidentiary value in making the kind of determination that a juvenile court must make (*T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767 [94 Cal.Rptr. 813, 484 P.2d 981]), no inference adverse to the minor may be made solely on the basis of a record showing only the "contact" without data disclosing the details of the conduct allegedly involved.

■ Nor can we see any authority to enter a detention order based on documents containing only hearsay (other than the kinds of hearsay made admissible over objection by the Evidence Code), not authenticated by any showing of the credibility of the informants and the basis of their statements. The objection in the case at bench, therefore, is not that *some* hearsay was contained in the reports, but that there was not enough credible factual data to meet the probation officer's burden of proof.

As the Supreme Court pointed out in *In re William M.* (1970) *supra,* 3 Cal.3d 16, 25-31, the intendments are all *against* detention and it may not be ordered unless there is clear proof of the "urgent necessity" which sections 635 and 636 require.[6]

Since none of the requirements above set forth were met in the case at bench, it follows that the detention order was not made in conformity with law and that we properly set it aside in our interim order above referred to.

## II

■ Since the parties have argued at length certain other procedural issues, and since it is apparent from the record here and in *Larry W.* that those issues will continue to arise in future detention hearings, we proceed to consider them.

(1) Subdivision (b) of section 630 expressly provides that the minor, at a detention hearing, "has a right to confrontation by, and cross-examina-

---

jurisdiction of the court, the court shall make its order releasing such minor from custody."

Welfare and Institutions Code section 636 reads: "If it appears upon the hearing that such minor has violated an order of the juvenile court or has escaped from a commitment of the juvenile court or that it is a matter of immediate and urgent necessity for the protection of such minor or the person or property of another that he be detained or that such minor is likely to flee the jurisdiction of the court, the court may make its order that such minor be detained in the juvenile hall or other suitable place designated by the juvenile court for a period not to exceed 15 judicial days and shall enter said order together with its findings of fact in support thereof in the records of the court."

[6]The Supreme Court has expressly held that the probation officer must, at the detention hearing, make out a *prima facie* case of the allegations of the section 602 petition. (*In re William M.* (1970) *supra,* 3 Cal.3d 16, 28.)

■

tion of, any person examined by the court as provided in Section 635." While we held in *In re Larry W.* (1971) *supra,* 16 Cal.App.3d 290, that documentary evidence might be used at a detention hearing in lieu of oral testimony, that device may not have the effect of depriving the minor of his rights under subdivision (b) of section 630. Once a minor has exercised his right to demand the physical presence of the declarants, it becomes the duty of the court to see that those persons are present at the continued hearing or lose the right to rely on the written declarations and affidavits.[7]

(2) It would seem clearly to follow from what has been said in *In re William M.,* and in the foregoing parts of this opinion, that, if the probation officer has tendered, and the court has received, written reports meeting the requirements as to form and content above set forth, he may rest his case on those reports, unless the court desires to examine the witnesses in person or the minor invokes his statutory right of confrontation. Of course, if the probation officer, having the benefit of the physical presence of his declarants, desires to withdraw the written report and present his case on oral testimony, he is free to do so.

Counsel for the respondents has expressed a fear that a ruling on the issues in the case at bench favorable to the minor might lead to demands for confrontation in all cases. We do not share that fear. Every trial lawyer knows the risk that cross-examination may strengthen and not weaken the force of direct testimony; that risk is even greater when the cross-examination substitutes a live witness for a document. Only in cases such as the one at bench, where information available to counsel had suggested that cross-examination might resolve ambiguities in the documents in favor of his client, is a demand likely to be made.

Our interim order having effectively disposed of the case at bench, the order to show cause is discharged; the petition for a writ of habeas corpus is denied.

Files, P. J., and Jefferson, J., concurred.

---

[7]We note, with surprise, the comment of the hearing officer (appearing in the reporter's transcript of the continued hearing) that he did not have jurisdiction to order the probation officer to do anything! We are sure that, on further reflection, the juvenile court will agree that it has substantial powers to order its special officer —the probation officer—to assist the court in conducting an adequate hearing.