[Civ. No. 48872. First Dist., Div. Four. July 23, 1981.]

In re MARIO G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARIO G., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Eric S. Multhaup, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien and William D. Stein, Assistant Attorneys General, Gloria F. DeHart and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Mario G. appeals from a judgment of the juvenile court making him a ward of the court and placing him in an institution. He contends that the jurisdictional order is not supported by substantial evidence.

At a detention hearing (see *In re Dennis H.* (1971) 19 Cal.App.3d 350 [96 Cal.Rptr. 791]) there was evidence that police officers went to

appellant's home in response to a report of an "uncontrollable juvenile ... high on booze and paint." The officers found appellant standing on the porch holding a knife. Appellant yelled at the officers, saying that he was not going back to jail or to the hall, and threatening to kill the officers. Appellant slashed at the officers with the knife. He obtained a second knife from the house, and then threw one of the knives toward one of the officers. When appellant attempted to retrieve the knife he had thrown, two of the officers struck at him with batons, whereupon he struck at one of the officers with the remaining knife. Finally a member of appellant's family grabbed him from behind and he was subdued and arrested. Once handcuffed appellant became cooperative. On this showing, the court ordered detention pending a jurisdictional hearing.

Two weeks later the jurisdiction hearing was conducted by the same judge who had presided at the detention hearing. At the beginning of the jurisdictional hearing the prosecutor announced "I have no witnesses" and rested. The judge remarked that he had read the transcript of the detention hearing. Psychiatric witnesses referred to the transcript, but no evidence was received concerning the facts on the basis of which the jurisdiction of the juvenile court was asserted.

It is clear that without the testimony taken at the detention hearing the evidence is insufficient to support the finding of assault with a deadly weapon on peace officers. Appellant argues that mere references to the *Dennis H.* transcript "cannot substitute for the admission of evidence" at the jurisdiction hearing. The People respond that where there was no objection, and both sides referred to jurisdictional facts brought out at the detention hearing, there was an implied stipulation that the transcript could be relied on to support the jurisdictional finding. ■ But submission of the jurisdictional issues for determination on the basis of the detention hearing transcript would have been tantamount to an admission of the jurisdictional facts. *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 604-605 [119 Cal.Rptr. 302, 531 P.2d 1086], makes clear that a criminal defendant in such a situation must be protected by a showing on the record that there has been a knowing waiver of rights. Similar concerns arise in juvenile court. (Cf. *In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684].) A stipulation, express or implied, for submission of the jurisdictional issue on the basis of the transcript of an earlier hearing, would involve waiver of constitutional rights. The present record contains no showing that there

was a knowing waiver of such rights. Therefore, we cannot accept the argument that there was an implied stipulation.

The judgment is reversed.

Caldecott, P. J., and Poché, J., concurred.

A petition for a rehearing was denied August 7, 1981.