[No. G003890. Fourth Dist., Div. Three. May 13, 1986.]

In re LUIS M., a Minor, on Habeas Corpus.

**COUNSEL**

Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, James Dean Allen and Anthony G. Mesa, Deputy Public Defenders, for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Brett G. London, Deputy District Attorneys, for Respondent.

**OPINION**

WALLIN, J.—What witnesses are required to establish a prima facie case at a minor's detention rehearing pursuant to *In re Dennis H.* (1971) 19 Cal.App.3d 350 [96 Cal.Rptr. 791]?

Sixteen-year-old Luis M. was arrested for robbery on March 7, 1986. He appeared in custody in the juvenile court four days later and was ordered detained. (Welf. & Inst. Code, §§ 632, 635.) Based on his request, a contested detention rehearing, pursuant to *In re Dennis H., supra,* 19 Cal.App.3d 350, was scheduled for March 18, 1986. (Welf. & Inst. Code, § 637.) The court ordered the district attorney "to have witnesses available" for the *Dennis H.* hearing, per *Edsel P.* v. *Superior Court* (1985) 165 Cal.App.3d 763 [211 Cal.Rptr. 869]. No one from the district attorney's office was in court at that time. Although the order to make witnesses available was incorporated into a written minute order it did not specify which witnesses were to be made available.

At the *Dennis H.* hearing, the prosecution offered the testimony of the police officer who arrested Luis. That officer interviewed the robbery victims and incorporated their statements into a police report which the prosecution offered into evidence. Luis objected to the introduction of the police report on hearsay grounds and argued the prosecution was required to present the testimony of the crime victims themselves to establish a prima facie case under *Edsel P.* The court disagreed, overruled the objection, admitted the police report and ordered Luis' continued detention pending the jurisdictional hearing.

Luis sought immediate relief in this court via this petition for writ of habeas corpus. After argument, the petition was denied orally.

A juvenile arrested for a criminal offense is entitled to a timely hearing to determine whether he should be detained pending resolution of the petition

seeking wardship. (Welf. & Inst. Code, § 630 et seq.; Cal. Rules of Court, rules 1321-1328.) If detention is ordered, he is entitled to a formal rehearing within three judicial days. (Welf. & Inst. Code, § 637; Cal. Rules of Court, rule 1326(b).) The minor must be released unless it appears he "has violated an order of the juvenile court or has escaped from a commitment of the juvenile court or that it is a matter of immediate and urgent necessity for the protection of such minor or reasonably necessary for the protection of the person or property of another that he be detained or that such minor is likely to flee to avoid the jurisdiction of the court, . . ." (Welf. & Inst. Code, § 636; see also Welf. & Inst. Code, § 637; Cal. Rules of Court, rule 1327.)

*In re Larry W.* (1971) 16 Cal.App.3d 290 [94 Cal.Rptr. 31] discussed the evidence required to order detention. There, the detention decision was based on the probation officer's report and unsworn written police reports. The minor objected on the ground he was denied his right to confront and cross-examine the witnesses against him, although that objection was not alleged in the minor's petition for writ relief. The petition was denied because of procedural defects. Nevertheless, the court noted a minor may be entitled to confront and cross-examine the persons who prepared the written reports considered by the court in ordering detention.

The same division of the Court of Appeal, including two of the same justices, decided *In re Dennis H., supra,* 19 Cal.App.3d 350 five months later. Dennis H. demanded his right to confront the makers of reports offered to substantiate the necessity of his detention. The probation officer rested on the reports and the court ordered detention based solely on the written reports. The Court of Appeal concluded Dennis was denied his statutory right of confrontation, as provided by Welfare and Institutions Code section 630, subdivision (b). It held that "if the probation officer has tendered, and the court has received, written reports . . . he may rest his case on those reports, unless the court desires to examine the witnesses in person or *the minor invokes his statutory right of confrontation.*" (*Id.,* at p. 355, italics added.) The court also noted there is no "authority to enter a detention order based on documents containing only hearsay (other than the kinds of hearsay made admissible over objection by the Evidence Code), not authenticated by any showing of the credibility of the informants and the basis of their statements." (*Id.,* at p. 354.)

Thereafter, the applicable rules of court were amended to delineate the proper procedures for implementing *Larry W.* and *Dennis H.,* both of which are cited in the rules themselves. California Rules of Court, rule 1323(c), titled "[Evidence required at detention hearing (In re Larry W. (1971) 16 Cal.App.3d 290)]," states: "In making the findings prerequisite to an order

of detention at the detention hearing, the court may rely solely upon written police reports, probation reports or other documents." California Rules of Court, rule 1326(b), titled "[Rehearing for further evidence (§ 637; In re Dennis H. (1971) 19 Cal.App.3d 350)]," states: "After a decision of detention has been made, the minor or minor's counsel may request further evidence regarding the prima facie case or the grounds of detention by invoking the right to confront and to cross-examine the preparers of reports or documents relied upon by the court in support of its initial decision. . . . [¶] At a detention rehearing the minor has the right to confront and to cross-examine: (i) the preparer of any police report, probation report or other documents submitted to the court under rule 1323(c); and (ii) any person examined in the proceeding." The amended rules properly reflect the holdings of *Larry W.* and *Dennis H.*

The recent decision in *Edsel P.* confuses the entire area. Edsel was ordered detained pending a petition pursuant to Welfare and Institutions Code section 707, subdivision (b) to determine whether he ought to be tried as an adult. A subsequent consolidated hearing was conducted to determine three different questions: his fitness to be tried in juvenile court, his request for a detention rehearing pursuant to *Dennis H.,* and his request for a probable cause hearing. The court denied his request for a probable cause hearing, found him unfit for treatment as a juvenile and, after hearing evidence on the fitness question, denied his request for a *Dennis H.* hearing. The Court of Appeal issued a peremptory writ of mandate directing the lower court to vacate its orders denying a detention rehearing and finding Edsel unfit and to conduct a new fitness hearing. The primary question presented was whether the unfitness allegation relieved the prosecution of its obligation to establish a prima facie case under *Dennis H.* The court considered the differences in the two hearings and determined the minor was entitled to both; an allegation he was unfit for juvenile court treatment did not obviate his right to a *Dennis H.* hearing.

In reaching that conclusion, the court discussed the requirements for a prima facie case, stating "not only is the prosecution obliged . . . to produce more credible evidence than is provided by unauthenticated hearsay statements set forth in a probation or police report, but, if the minor exercises his right to confront and cross-examine witnesses against him, it becomes the duty of the court to insure that such persons are present at the appropriate hearing. (*In re Dennis H., supra,* 19 Cal.App.3d at p. 355.)" (*Edsel P.* v. *Superior Court, supra,* 165 Cal.App.3d at p. 779.) ▮ Luis argues this means he has the right to confront and cross-examine the crime victims. While the language used is ambiguous, the immediate citation to *Dennis H.* establishes the *Edsel P.* court was not expanding *Dennis H.* It is cited to identify which witnesses must be present when the minor insists on

confrontation. *Dennis H.* unquestionably limits that right to the preparers of the reports, not the crime victims themselves.

Even assuming the court in *Edsel P.* intended to announce a new rule and broaden the requirements of a *Dennis H.* hearing, it was dicta. The question of what witnesses must attend a *Dennis H.* hearing was not presented because the trial court denied Edsel's request for one. In any event, we follow *Dennis H.*'s guidelines on a detention rehearing. The minor is guaranteed the right to confront and cross-examine the authors of reports submitted to justify detention. Expanding the minor's rights to include confrontation and cross-examination of crime victims themselves would destroy the very purpose of a detention hearing. "The purpose is to compel a detention hearing as soon as possible, and the statutory time limits afford little opportunity to subpoena witnesses for oral examination." (*In re Larry W., supra,* 16 Cal.App.3d at p. 293.)

The petition for writ of habeas corpus is denied.

Trotter, P. J., and Crosby, J., concurred.

Petitioner's application for review by the Supreme Court was denied August 14, 1986. Bird, C. J., was of the opinion that the application should be granted.