[No. B047765. Second Dist., Div. Three. Apr. 3, 1990.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
RONALD H., a Minor, Real Party in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Robert W. Carne, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Marcus Gomez for Real Party in Interest.

## OPINION

**THE COURT.**\*—People seek a writ of mandate directing the respondent court (1) to vacate its order directing People to produce a percipient witness at a juvenile detention and fitness hearing, and (2) to conduct the hearing in accord with the standards set forth in Welfare and Institutions Code section 707.[1]

We hold percipient witnesses are not required at either a juvenile detention hearing or a fitness hearing. The petition is granted.

### DISCUSSION

Ronald H., a member of the Rascals Diamond Street Gang, is charged with first degree murder. (Pen. Code. § 187.) The incident leading to the murder began at a party with a physical altercation between several Rascals and members of a rival gang. When the victim attempted to flee, he was pursued by Ronald H. and five or six other Rascals. The victim was knocked to the ground where, according to two witnesses, Ronald H. shot the victim.[2]

Following the arrest of Ronald H., the matter was set for detention hearing pursuant to *Edsel P.* v. *Superior Court* (1985) 165 Cal.App.3d 763 [211 Cal.Rptr. 869], which requires the People to establish a prima facie case that the minor committed the offense before application of the presumption that the minor is not a fit subject for treatment within the juvenile system. (*Id*. at pp. 779-780.)

Ronald H. moved to produce a percipient witness at the detention hearing, which motion was granted by the respondent court. People's petition for writ of mandate followed.

### 1. *Percipient Witnesses Are Not Required.*

 Written probation and police reports may be used at the detention hearing in lieu of oral testimony. If the minor elects to exercise his right to demand the physical presence of the declarants, the court has a duty to see that the persons who prepared the reports are present. (*In re Dennis H.* (1971) 19 Cal.App.3d 350, 354 [96 Cal.Rptr. 791].) Nothing in *Dennis H.* requires presence of percipient witnesses to the crimes charged.

---

\* Before Klein, P. J., Danielson, J., and Croskey, J.

[1] We granted People's petition for a stay and issued a notice of intent to grant a peremptory writ in the first instance pursuant to *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].

[2] Ronald H. is charged, in the alternative, as an aider and abettor because the actual identity of the person who fired the shots is not clearly established.

Ronald H. did not request the persons who prepared the probation and police reports but a percipient witness, relying on *Edsel P.* v. *Superior Court, supra,* 165 Cal.App.3d at page 764. *Edsel P.* holds "the prosecution is obliged to produce more credible evidence than is provided by unauthenticated hearsay statements set forth in a probation or police report," but "if the minor exercises his right to confront and cross-examine witnesses against him, it becomes the duty of the court to insure that such persons are present at the appropriate hearing." (*Ibid.*)

*Edsel P.* was strongly criticized in *In re Luis M.* (1986) 180 Cal.App.3d 1090 [226 Cal.Rptr. 39]. The *Luis M.* court commented: "The recent decision in *Edsel P.* confuses the entire area." (180 Cal.App.3d at p. 1093.) "While the language used [in *Edsel P.*] is ambiguous, the immediate citation to *Dennis H.* establishes the *Edsel P.* court was not expanding *Dennis H.* It is cited to identify which witnesses must be present when the minor insists on confrontation. *Dennis H.* unquestionably limits that right to the preparers of the reports, not the crime victims themselves." (180 Cal.App.3d at pp. 1093-1094.)

*Luis M.* clarified the holding of *Edsel P.* and is the correct analysis of the law relating to the evidence admissible at the hearing.

The correct rule is set forth in former California Rules of Court, rule 1323 (b) (now rule 1472(c)) which specifies that the findings prerequisite to an order of detention may be based solely upon written police reports, probation reports or other documents. If the minor requests additional evidence on the grounds of detention, the right to confront and cross-examine the *preparers of the reports* may be invoked. (Cal. Rules of Court, former rule 1326 (b) (now rule 1474 (a)(2)).)

### 2. *Neither the Juvenile Detention Hearing Nor the Fitness Hearing Is the Equivalent of an Adult Preliminary Hearing.*

Ronald H. also cites *Mills* v. *Superior Court* (1986) 42 Cal.3d 951 [232 Cal.Rptr. 141, 728 P.2d 211] as support for the contention that percipient witnesses must be presented at the hearing. *Mills* discusses only the right to confront and cross-examine witnesses at an adult preliminary hearing.

It is well established that neither a juvenile detention hearing nor a fitness hearing is the equivalent of an adult preliminary hearing. (*In re Korry K.* (1981) 120 Cal.App.3d 967, 971 [175 Cal.Rptr. 91].)

### 3. *Other Contentions.*

■ Ronald H. argues he is entitled to greater protection because he may face the death penalty if found unfit to remain within the juvenile system.

The type of penalty which may be imposed upon conviction as an adult is irrelevant to determination of whether a minor is amenable to treatment within the juvenile system.

The sole purpose of the fitness hearing is to determine whether the best interest of the minor and of society will be served by retention in the juvenile court or whether the minor should be tried as an adult. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 718-719 [135 Cal.Rptr. 392, 557 P.2d 976].)

Subdivision (c) of Welfare and Institutions Code section 707 establishes the *sole* criteria which is used in evaluating the minor. Those factors are (1) the degree of criminal sophistication exhibited, (2) the possibility the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction, (3) the previous delinquent history, (4) any previous attempt to rehabilitate the minor, and (5) the circumstance and gravity of the alleged offenses.

Finally, Ronald H. makes the unfounded assertion that he may be charged with some unspecified lesser offense if certified as an adult. There is nothing in the record to support the assertion and no evidence that People contemplate such a procedure.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to: (1) vacate its order directing People to produce a percipient witness; (2) enter an order denying the motion; and (3) conduct the hearing in accord with the views set forth herein.

The stay entered by this court on January 31, 1990, is vacated.

The petition of real party in interest for review by the Supreme Court was denied August 20, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.