[No. F014083. Fifth Dist. May 28, 1991.]

In re RAYMOND G., a Person Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff
and Respondent, v.
DAVID G., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Mary Willans-Izett, under appointment by the Court of appeal, for Defendant and Appellant.

Max E. Robinson, County Counsel, and William G. Smith, Deputy County Counsel, for Plaintiff and Respondent.

James S. Donnelly, under appointment by the Court of Appeal, for Minor.

## OPINION

**VARTABEDIAN, J.**—Raymond G. was born on January 13, 1990. He weighed nine pounds at birth. He was the fifth child of Darlene G. and David G. (hereafter mother and father, respectively).

Raymond's weight was monitored by medical personnel after his checkup at age two and one-half months showed a weight gain from birth of only about one pound. His weight failed to progress and by April 19, 1990, one month later, he still weighed only ten pounds, placing him below the fifth percentile for his age, compared with his ninetieth percentile ranking at birth. Suspecting that the child was not thriving on the cow's milk he was being fed, medical workers constantly warned the parents to feed Raymond formula rather than cow's milk; the parents resisted following these instructions. Raymond was hospitalized on April 19. After receiving formula feeding for five days, Raymond increased his weight to eleven pounds and four ounces and was ready for discharge.

On April 24, 1990, a Welfare and Institutions Code section 300[1] petition was filed seeking to have Raymond declared a dependent ward of the court. The petition alleged that mother and father negligently failed to provide adequate food to Raymond, resulting in malnutrition and jeopardizing his health (count B-1). The petition further alleged that mother and father failed to follow instructions and refused to cooperate (count B-2).

The detention hearing was held on April 25, 1990. The juvenile court placed Raymond outside of his parent's home pending further hearing.

The jurisdictional hearing was conducted on May 10 and 11. 1990. The court found that Raymond was a minor described by section 300, subdivision (b) because the mother and father negligently failed to provide him with adequate and proper nutrition. The court found the allegations in count B-2 not true based on its belief that parents are not obligated to follow the orders of child protective services when a dependency petition has not yet been filed.

---

[1]All future code references are to the Welfare and Institutions Code unless otherwise noted.

The dependency petition was dismissed on September 18, 1990.[2]

Father challenges the sufficiency of the evidence at the jurisdictional hearing to support the finding of dependency. Counsel for Raymond raises an additional claim that Raymond was improperly removed from parental control at the earlier detention hearing.

As will be explained in the unpublished portion of our opinion, we determine the appeal of the dependency order is moot. In our published discussion, we find the court did not err at the detention hearing when it temporarily placed the minor outside of the parents' home.

I.

MOOTNESS*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

NONPARENTAL PLACEMENT AT DETENTION HEARING

■ Raymond argues the court erred at the detention hearing when it ordered his removal from the custody of his parents. Respondent asserts the issue is moot because Raymond has been returned to mother and father and the petition has been dismissed. Although technically moot, the standard applicable to emergency removal of minors needs to be addressed because it is an issue capable of repetition yet evading review. (*In re William M.* (1970) 3 Cal.3d 16 [89 Cal.Rptr. 33, 473 P.2d 737].) ■ We therefore address the propriety of the removal of Raymond from his parents' custody at the detention hearing.

Raymond was a patient placed in the custody of Valley Children's Hospital at the time the detention hearing was held to determine his temporary placement upon release. (§ 315.) The hearing was conducted pursuant to section 319. That section provides in pertinent part:

"At the initial petition hearing the court shall examine the minor's parents, guardians, or other persons having relevant knowledge and hear the relevant

---

[2]On this court's own motion, we are taking judicial notice of the subsequent dismissal of the petition.

*See footnote, *ante*, page 964.

evidence as the minor, the minor's parents or guardians, the petitioner, or their counsel desires to present. The court may examine the minor, as provided in Section 350.

"The probation officer shall report to the court on the reasons why the minor has been removed from the parent's custody; the need, if any, for continued detention; on the available services and the referral methods to those services which could facilitate the return of the minor to the custody of the minor's parents or guardians; and whether there are any relatives who are able and willing to take temporary custody of the minor. The court shall order the release of the minor from custody unless a prima facie showing has been made that the minor comes within Section 300 and any of the following circumstances exist:

"(a) There is a substantial danger to the physical health of the minor or the minor is suffering severe emotional damage, and there are no reasonable means by which the minor's physical or emotional health may be protected without removing the minor from the parents' or guardians' physical custody.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The court shall also make a determination on the record as to whether reasonable efforts were made to prevent or eliminate the need for removal of the minor from his or her home and whether there are available services which would prevent the need for further detention. . . . If the minor can be returned to the custody of his or her parent or guardian through the provision of those services, the court shall place the minor with his or her parent or guardian and order that the services shall be provided. If the minor cannot be returned to the custody of his or her parent or guardian, the court shall determine if there is a relative who is able and willing to care for the child. Where the first contact with the family has occurred during an emergency situation in which the child could not safely remain at home, even with reasonable services being provided, the court shall make a finding that the lack of preplacement preventive efforts were reasonable. Whenever a court orders a minor detained, the court shall state the facts on which the decision is based, shall specify why the initial removal was necessary, and shall order services to be provided as soon as possible to reunify the minor and his or her family if appropriate.

"When the minor is not released from custody the court may order that the minor shall be placed in the suitable home of a relative or in an emergency shelter or other suitable licensed place or a place exempt from licensure designated by the juvenile court or in an appropriate certified family home

whose license is pending and all the prelicense requirements for such a placement have been met as set forth in subdivision (e) of Section 361.2 for a period not to exceed 15 judicial days.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . "

Section 321 provides for rehearing upon request. It provides in part:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"If the minor, a parent or guardian or the minor's attorney or guardian ad litem, if either one or the other has been appointed by the court, requests evidence of the prima facie case, a rehearing shall be held within three judicial days to consider evidence of the prima facie case. If the prima facie case is not established, the minor shall be released from detention.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . "

The court read and considered a prima facie statement offered by the Fresno County Department of Social Services (Department). We briefly address the assertion in minor's letter brief that the prima facie statement constituted a "fraud perpetrated upon the trial court by the Department." Minor's position can be best described as "splitting hairs." The prima facie statement's references that the minor had suffered "severe malnutrition," that the hospital had ruled out organic causes, and that the "parents were very uncooperative" are not shown to be inaccurate based on the record before us.

At the detention hearing, father's attorney requested staffing for family maintenance purposes. The representative from the Department stated father had refused to attend a previously scheduled meeting for that purpose. The minor's attorney objected to a family maintenance program.

The father's attorney made the following representation to the court:

"Your Honor, my client tells me the parents are the people that took him to the hospital to try and determine why the baby was losing weight. Even though they were feeding the baby, they were alarmed about the baby's condition. They did not do anything, they brought the baby to the attention of the hospital and ultimately to the attention of Child Protective Services. And I think the fact that they wanted to wait and talk to an attorney rather than going to a staffing, I don't think that should be held against them. I think the staffing should be attempted again."

The social worker responded:

"Well, Your Honor, the only other information I have to add, and I have not reviewed the discovery or the prima facie in detail so I don't know why I'm being redundant, but also this family was involved with a public health nurse for some time and the public health nurse was not successful in getting any cooperation from either parent. Certainly we would be happy to take another look at it, but I don't know, at this point I cannot give any preliminary estimation as to what our recommendation would be, if in fact it would change."

The court ruled as follows:

"The Court will admit into evidence the prima facie and find it sufficient to detain Raymond at the present time. I do so because the serious decrease in the minor's weight, the rapid weight gain that he's apparently demonstrating while hospitalized persuades the Court that the low weight of the minor is in fact a very dangerous condition to him.

"Now, regardless of why the parents have refused to talk to the Department, they have not done so, and at this point, services could not have avoided the need for detention, due to the parents' desire to talk to an attorney before participating in a staffing. I will certainly extend that opportunity to them at this time, if they wish to contact the Department, and I would ask the Department meet with them as they are required to do to determine whether or not services could be provided to enable the minor to safely return to the parents' home."

The detention hearing was completed and the case was set for trial confirmation on May 1, 1990.

Neither father nor his counsel sought to present additional evidence to the court prior to its determination of whether Raymond should be further detained.

Since there are no published cases discussing the prima facie showing necessary for the detention of a minor under section 319, we discuss by analogy the provisions of sections 635 and 637, the latter provisions being applicable to youths detained for criminal behavior. Those sections provide in relevant part:

"The court will examine such minor, his parent, guardian, or other person having relevant knowledge, hear such relevant evidence as the minor, his parent or guardian or their counsel desires to present, and, unless it appears that such minor has violated an order of the juvenile court or has escaped from the commitment of the juvenile court or that it is a matter of immediate

and urgent necessity for the protection of such minor or reasonably necessary for the protection of the person or property of another that he be detained or that such minor is likely to flee to avoid the jurisdiction of the court, the court shall make its order releasing such minor from custody.

"The circumstances and gravity of the alleged offense may be considered, in conjunction with other factors, to determine whether it is a matter of immediate and urgent necessity for the protection of the minor or reasonably necessary for the protection of the person or property of another that the minor be detained." (§ 635.)

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"If the minor or, if the minor is represented by an attorney, the minor's attorney, requests evidence of the prima facie case, a rehearing shall be held within three judicial days to consider evidence of the prima facie case. If the prima facie case is not established, the minor shall be released from detention.

"When the court ascertains that the rehearing cannot be held within three judicial days because of the unavailability of a witness, a reasonable continuance may be granted for a period not to exceed five judicial days." (§ 637.)

In *In re William M., supra*, 3 Cal.3d 16, the Supreme Court overruled the trial court's holding that individuals charged with certain crimes always warranted detention and found the trial court erred in not allowing the minor to present evidence favoring his release. (*Id.* at pp. 30-31.) The appellate court in *In re Larry W.* (1971) 16 Cal.App.3d 290 [94 Cal.Rptr. 31] held that a probation officer's report or police reports are admissible evidence at a detention hearing on a 600 petition, noting that detention hearings must be held within a short period of time. Because the minor made no demand to confront the authors of the report, there was no error in basing a detention solely on the reports. (*Id.* at pp. 293-294.)

"Shortly after the decision in *William M.*, the Court of Appeal in *In re Dennis H.* [(1971)] 19 Cal.App.3d 350 [96 Cal.Rptr. 791], elucidated the sort of evidence essential to make out a prima facie case that the minor committed the alleged offense. Reaffirming the view earlier expressed in *In re Larry W.* (1971) 16 Cal.App.3d 290, 293 . . . , that in certain circumstances *William M.* did not prohibit the use at a detention hearing of written probation and police reports in lieu of oral testimony, the court in *Dennis H.* declared that where the minor challenges the sufficiency of the evidence

such documents cannot alone support a detention order if they contain 'only hearsay (other than the kinds of hearsay made admissible over objection by the Evidence Code), not authenticated by any showing of the credibility of the informants and the basis of their statements.' [Citation.] While such hearsay reports are admissible, they do not suffice to meet the burden of proof unless accompanied by independent 'credible factual data.' [Citation.]

"*William M.*, as interpreted by *In re Dennis H.*, thus stands for the proposition that where a minor challenges the sufficiency of the evidence upon which detention is sought, the minimum demands of due process and fair treatment require the prosecution to establish a prima facie case based on competent and relevant evidence. That is, not only is the prosecution obliged in such circumstances to produce more credible evidence than is provided by unauthenticated hearsay statements set forth in a probation or police report, but, if the minor exercises his right to confront and cross-examine witnesses against him, it becomes the duty of the court to insure that such persons are present at the appropriate hearing. (*In re Dennis H., supra*, 19 Cal.App.3d at p. 355.)" (*Edsel P. v. Superior Court* (1985) 165 Cal.App.3d 763, 779 [211 Cal.Rptr. 869], fn. omitted.)

Because statutes regarding detentions of juveniles for criminal behavior and the detention of minors in dependency proceedings are procedurally similar, the previous cases dealing with section 600 minors are by analogy applicable to dependency cases. They differ in substance only on the particular claims which must be shown to allow a detention.

Here, the court found that Raymond's low weight was a very dangerous condition to him and because the parents had not talked to the Department he should be detained. The only "evidence" presented on father's behalf was the above quoted statement by his attorney. Father did not request to speak, call other witnesses, or cross-examine the preparers of the report. "*[P]rima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence. It may, however, be contradicted, and other evidence is always admissible for that purpose." (*Vaca Valley etc. R. R. v. Mansfield* (1890) 84 Cal. 560, 566 [24 P. 145].) ▮ "The words 'prima facie' mean literally, 'at first view,' and a prima facie case is one which is received or continues until the contrary is shown and can be overthrown only by rebutting evidence adduced on the other side." (*Maganini v. Quinn* (1950) 99 Cal.App.2d 1, 8 [221 P.2d 241].)

▮ The court had before it evidence that Raymond was not properly gaining weight and that this was a serious risk to his health. Prior contacts by the parents with the public health nurse had not alleviated the problem, and

the parents had not contacted the Department prior to the hearing. None of this evidence was contradicted by the statement of father's counsel, and as previously noted he did not attempt to present additional evidence. The fact Raymond's condition had dramatically improved by the moment of the detention hearing as a result of hospitalization does not detract from the fact the parents had neglected his nutritional needs, in disregard of medical advice, for at least one month prior to his hospitalization. There was a sufficient prima facie showing to temporarily detain Raymond pending further proceedings. Such a detention meets the primary purpose of dependency proceedings: to protect the welfare of children.

## DISPOSITION

The orders are affirmed.

Dibiaso, Acting P. J., and Harris, J., concurred.