Filed 10/21/15  Certified for Publication 11/2/15 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BIANCA S.<br><br>on<br><br>Habeas Corpus. | D068942<br><br>(San Diego County<br>Super. Ct. No. JCM237690) |
| In re D.C.<br><br>on<br><br>Habeas Corpus. | D068943<br><br>(San Diego County<br>Super. Ct. No. JCM237689) |

ORIGINAL PROCEEDINGS in habeas corpus.  Roderick W. Shelton, Judge. Relief granted.

Dependency Legal Group of San Diego and John P. McCurley for petitioners.

Bonnie M. Dumanis, District Attorney, and Samantha Begovich, Deputy District Attorney, for respondent.

Bianca S. and D.C. (collectively petitioners) seek habeas corpus relief from orders of the juvenile court detaining them in Juvenile Hall while they await further proceedings on petitions seeking to declare them wards of the court.  We grant the requested relief.

BACKGROUND

Petitioners are 13-year-old girls who are dependents of the juvenile court. (See Welf. & Inst. Code, § 300.) While they were residing at the Polinsky Children's Center, they knocked over a vending machine and took items from inside it. When staff confronted petitioners, they fled but later returned to the Center. Staff then reported the incident to police, who arrested petitioners and booked them into Juvenile Hall.

The district attorney filed petitions in the juvenile court alleging petitioners committed two misdemeanors, petty theft and vandalism. (Pen. Code, §§ 484, 594.) The district attorney asked the court to declare them wards. (Welf. & Inst. Code, § 602.)

The probation officer prepared detention reports recommending petitioners be detained in Juvenile Hall, on the unexplained grounds they were likely to flee the court's jurisdiction and such detention was necessary for the protection of person or property and of petitioners. The report on Bianca stated her social worker "explained that [Bianca] has demonstrated poor behavior"; the social worker was looking for a placement for Bianca, but was unlikely to find one before the detention hearing; and the social worker considered placing Bianca at the Center, but was "concerned [Bianca] will be negatively influenced by her peers." The report on D.C. stated: "Given the circumstances of the underlying offense, the Probation Department recommends that [D.C.] remain detained in Juvenile Hall pending further hearings and that a meet and confer be arranged between Health and Human Services and the Probation Department." The reports include detention screening forms that showed no grounds for mandatory secure detention and that petitioners' risk assessment scores did not warrant discretionary secure detention.

2

Nevertheless, for each petitioner, the probation officer overrode the assessment and recommended secure detention because "[t]he minor is a [Welfare and Institutions Code section] 300 ward and social work[er] is unavailable." The probation officer further recommended petitioners' social workers be allowed to place them "in a suitable alternative placement should one become available."

At the detention hearing, the juvenile court adopted the recommendations of the probation officer over the objections of the minors' counsel and ordered petitioners "detained in Juvenile Hall pending further hearing." The court granted petitioners' social workers permission to place them in alternative locations should they become available.

Petitioners promptly challenged the detention orders in this court by filing petitions for peremptory writs of mandate in the first instance directing the juvenile court to vacate the orders. We treated the petitions as petitions for writs of habeas corpus (see Pen. Code, § 1473, subd. (a); *People v. Picklesimer* (2010) 48 Cal.4th 330, 340); consolidated them for all purposes; issued an order directing the district attorney to show cause why the relief requested by petitioners should not be granted; and temporarily stayed the detention orders, and ordered petitioners released from Juvenile Hall to the custody of the San Diego County Health and Human Services Agency for appropriate placement. (See *People v. Romero* (1994) 8 Cal.4th 728, 744 [discussing accelerated habeas corpus proceedings].) The district attorney filed a consolidated return conceding the detention orders were erroneous and stating she had no objection to our granting the relief requested by petitioners. Petitioners filed a consolidated traverse reiterating their request for relief. No party requested oral argument.

3

DISCUSSION

We agree with the parties that the juvenile court erred by ordering petitioners' detention in Juvenile Hall pending further hearing. "[T]he Juvenile Court Law protects the minor's right to an individualized detention hearing, in which the court may not dispose of cases by mechanical rules on a categorical basis." (*In re William M.* (1970) 3 Cal.3d 16, 19.) "[T]he intendments are all *against* detention and it may not be ordered unless there is clear proof of the 'urgent necessity' which [Welfare and Institutions Code] sections 635 and 636 require." (*In re Dennis H.* (1971) 19 Cal.App.3d 350, 354, fn. omitted.) No such urgent necessity was shown in this case.

The juvenile court made no findings regarding its decision to order petitioners' continued detention in Juvenile Hall. Although the detention reports prepared by the probation officer listed permissible grounds for secure detention, namely, that petitioners were a danger to themselves or to the person or the property of others and were likely to flee the court's jurisdiction (Welf. & Inst. Code, §§ 635, subd. (a), 636, subd. (a)), neither report contained any explanation, and the record does not support the existence of any of these grounds. The allegations against petitioners concern minor property offenses; these are first offenses for both petitioners; and nothing suggests petitioners, 13-year-old girls, have the means or are likely to flee the county. The facts that the probation officer overrode the detention risk assessments solely because petitioners are dependents whose social workers were unavailable and the juvenile court granted the social workers permission to place petitioners in alternative locations should suitable ones become available strongly suggest the court ordered petitioners detained in Juvenile Hall based on

4

the facts they are dependents of the court and their social workers have been unable to find placements for them.  This was error:  "If a minor is a dependent of the court pursuant to Section 300, the court's decision to detain *shall not be based on the minor's status as a dependent of the court or the child welfare services department's inability to provide a placement for the minor*."  (*Id.*, §§ 635, subd. (b)(2), 636, subd. (a), italics added.)  The juvenile court should have ordered the release of petitioners to the custody of the San Diego County Health and Human Services Agency for placement in a licensed or approved setting.  (*Id.*, § 635, subd. (c)(2).)

DISPOSITION

The relief requested by petitioners is granted.  The juvenile court is directed to vacate the September 25, 2015 orders that petitioners be detained in Juvenile Hall and to enter new orders releasing them to the custody of the San Diego County Health and Human Services Agency for appropriate placement.  This court's order of October 2 temporarily staying the juvenile court's September 25 orders and temporarily releasing petitioners from custody is vacated.

_____

McCONNELL, P. J.

WE CONCUR:


_____

BENKE, J.


_____

O'ROURKE, J.

5

Filed 11/2/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BIANCA S. <br><br> on <br><br> Habeas Corpus. | D068942 <br><br> (San Diego County <br> Super. Ct. No. JCM237690) |
| In re D.C. <br><br> on <br><br> Habeas Corpus. | D068943 <br><br> (San Diego County <br> Super. Ct. No. JCM237689) <br><br> ORDER CERTIFYING OPINION FOR <br> PUBLICATION |

THE COURT:

The opinion in this case filed October 21, 2015, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

MCCONNELL, P. J.

Copies to:  All parties